UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRESTON P. KHAOONE, AM2008,

Petitioner,

v.

STUART SHERMAN, Warden,

Respondent.

Case No. 17-cv-03884-CRB (PR)

**ORDER GRANTING MOTION TO DISMISS, STRIKING UNEXHAUSTED CLAIMS, AND ISSUING ORDER TO SHOW CAUSE AS TO EXHAUSTED CLAIMS**

(ECF No. 8)

Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility and State Prison, Corcoran, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Sonoma County Superior Court.

Per order filed on September 12, 2017, the court (Cousins, M.J.) found that the claims in the petition – (1) the trial court's exclusion of favorable witness testimony under the marital communications privilege violated petitioner's federal constitutional rights; (2) the trial court erred in denying petitioner's motion for a mistrial; (3) the trial court erred by failing to instruct the jury regarding California Penal Code § 1111.5; (4) the convictions violated due process based on the opinion in People v. Chiu, 59 Cal. 4th 155, 167 (2014) (holding that aider and abettor "cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine"); and (5) the trial court erred in instructing the jury on CALCRIM No. 416.4 – appeared cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead moves to dismiss the petition for failure to exhaust state judicial remedies as to all claims because petitioner only presented claims (1), (4) and (5) to the Supreme Court of California.

The court agrees that claims (2) and (3) are unexhausted, and so does petitioner. He also requests that the court "delete the unexhausted claims – claim[] two and claim[] three" – so he can proceed with his exhausted ones – claims (1), (4) and (5). ECF No. 12 at 1.

Accordingly, respondent's motion to dismiss (ECF No. 8) is GRANTED and petitioner's unexhausted claims (2) and (3) are STRICKEN. Good cause appearing therefor, respondent is ordered to file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted on petitioner's exhausted claims (1), (4) and (5). Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED**.

Dated: November 7, 2017

_____
CHARLES R. BREYER
United States District Judge